JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 09-01096-SGL(FMOx)                                    Date:  July 30, 2009

Title:    THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC., ET AL -v- JOEL M. MIRANDA, ET AL
==============================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

      Cindy Sasse                                                            None Present
      Courtroom Deputy                                                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                                    None present

**PROCEEDINGS:    ORDER REMANDING CASE**

      The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court **REMANDS** this case to Riverside County Superior Court.

      Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it.  <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006).

      Although the Notice of Removal states that a claim in the present action arises under federal law, it does not.  This statement is premised on defendant's request for production of an original promissory note, which, in his view "arises under federal law." However, at best, the complaint in this action is a straightforward unlawful detainer action proceeding under state law to which the removing defendant intends to assert a federal defense.  The request for production of the note, at most, is an attempt to assert a federal defense to a state-law claim, which does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction.  See <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the

so-called "well-pleaded complaint rule").[1]  Therefore, the Court has no federal question jurisdiction. See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

The Notice of Removal also purports to invoke the Court's diversity jurisdiction; however, those requirements are not met, either.  There is no evidence that petitioner and respondents are citizens of different states.  Moreover, although defendant states that he "believes" the amount in controversy exceeds $75,000, this belief is unfounded, as the complaint expressly limits any claims for monetary damages to less than $10,000.  In order to invoke the Court's diversity jurisdiction, the defendant must show that he and the plaintiffs are not residents of the same state, and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).

Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state; here, defendant, who reports his address as the property at issue in this action (located in Riverside, California), is clearly a forum defendant who may not remove a state-court action.  See 28 U.S.C. § 1441(b).

In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte order summary remand the action.  See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).  Accordingly, the Court **HEREBY REMANDS** the present action to the Riverside County Superior Court.

The hearing set for August 10, 2009, is **VACATED**.

The Clerk shall close the case.

**IT IS SO ORDERED.**

---

[1]  Because the Court is without jurisdiction over this matter, and thus, without power to adjudicate the present dispute, the Court expresses no opinion in this case regarding whether defendant's request for "THE ORIGINAL BLUE INKED PROMISSORY NOTE" is a valid defense to the unlawful detainer action.  By stating that "at best," it is a federal defense, the Court does not imply any opinion on the matter.